1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FAREED SEPEHRY-FARD,

              Plaintiff(s),

v.

AURORA BANK FSB, et. al.,

              Defendant(s).

                               /

CASE NO. 5:12-cv-00871 EJD

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS**

[Docket Item No(s). 5, 6, 7, 28]

## I.    INTRODUCTION

Plaintiff Fareed Sepehry-Fard ("Plaintiff") brings the instant action against Defendants Aurora Bank FSB, Greenpoint Mortgage Funding (erroneously sued as GPM Heloc), Bank of America, U.S. Bank National Association, Frank H. Kim and Severson & Werson ("Defendants") for violations of 42 U.S.C. §§ 1983 and 1985 and 18 U.S.C. §§ 241 and 242, as well as "corporate and limited liability insurance fraud" under an unidentified section of Title 15 of the United States Code.  Federal jurisdiction arises under 28 U.S.C. § 1331.

Presently before the court are three motions to dismiss the Complaint, each filed by a separate defendants or group of defendants.  See Docket Item Nos. 5, 6, 7.  Plaintiff has filed written opposition.[1]  Having carefully reviewed these matters, the court finds them suitable for disposition

---

[1] The parties also filed requests for judicial notice. Those are not addressed here, however, because the court is able to resolve the motions to dismiss based on the Complaint itself without considering the additional documentation provided.

1

without oral argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the hearing scheduled for August 24, 2012, will be vacated and Defendants' motions will be granted for the reasons stated below.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Com. v. Twombly, 550 U.S. 544, (2007) (internal quotations omitted).  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).  "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555.  But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

## III.   DISCUSSION

Plaintiff's Complaint is subject to dismissal for two principal reasons: (1) Plaintiff failed to meet the pleading standard required by Federal Rules of Civil Procedure 8 and 9, and (2) the allegations which are contained in the Complaint do not support claims under the particular laws cited by Plaintiff. Each of these reasons is discussed below.

2

**United States District Court**
For the Northern District of California

### A.      The Complaint Overall

Having reviewed Plaintiffs brief and rather skeletal Complaint in its entirety, the court concludes that Plaintiff has failed to state a claim.  This is primarily due to the lack of sufficient factual information to support the violations of the laws cited.  Indeed, it appears Plaintiff utilized a publicly-available form pleading that provides an outline of the information required in any complaint, but did not expand the section entitled "Statement of Facts and Claims" such that the elements of a cause of action can be discerned.  In addition, the court is unable to create causes of action for Plaintiff based on the attachments to the Complaint.

Here, the overall inadequacy in pleading results is a Complaint which, for the most part, simply lists legal conclusions or factual allegations unconnected to any particular legal theory.  That is not enough.  Although the federal rules allow for a flexible pleading policy, particularly with regard to a plaintiff appearing *pro se*, a complaint must still provide fair notice of the claims and must allege enough facts to state e elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 557).  "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."  Jones, 733 F.2d at 649 (internal quotations omitted).  Plaintiff has missed this mark, even under a liberal reading of the Complaint.

Moreover, any claims which sound in fraud, such as those for "corporate and limited liability insurance fraud," are subject to a heightened pleading standard.  Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where 'the object of the conspiracy is fraudulent.'").  The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  To

3

United States District Court

For the Northern District of California

1  that end, the allegations must contain "an account of the time, place, and specific content of the false

2  representations as well as the identities of the parties to the misrepresentations." Swartz, 476 F.3d at

3  764.  In other words, these claims must generally contain more specific facts than is necessary to

4  support other causes of action.

5      Because Plaintiff failed to allege sufficient facts or present a cognizable legal theory, the

6  Complaint is subject to dismissal with leave to amend under Federal Rule of Civil Procedure

7  12(b)(6).[2]

8      **B.    The Particular Laws**

9      While the court's determination above itself provides adequate ground to grant Defendants'

10  motions, the court addresses the particular laws cited in order to provide guidance to Plaintiff should

11  he choose to ament the Complaint.

12      Plaintiff mentions 42 U.S.C. §§ 1983 and 1985 as a basis for claims against Defendants.

13  Looking first at § 1983, Plaintiffs allegations are deficient to support liability under that section.

14  First, "[a]ctions filed under § 1983 require state action." Merritt v. Mackey, 932 F.2d 1317, 1323

15  (9th Cir. 1990).  Considering all of the Defendants are private entities or individuals, it is not

16  apparent that the allegations in the Complaint can support a claim under § 1983.  Second, "[section]

17  1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal

18  rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotations

19  omitted).  For this reason, Plaintiff was obligated to allege the violation of a separate federal right in

20  addition to identifying a defendant or defendants acting on behalf of the state.  Since he did not - and

21  perhaps cannot - accomplish either task with regard to the instant Defendants, it is unlikely that a

22  claim under § 1983 will arise.  And since the claim under § 1985 depends on the same set of facts as

23  the claim under § 1983 and can only exist along with a cognizable § 1983 claim, the § 1985 claim is

24

25

26  [2] Although the court is aware of a parallel lawsuit involving these parties in state court, the
court is unable to address Defendants' abstention argument pursuant to Colorado River

27  Conservation Dist. v. United States, 424 U.S. 800 (1976), because, at this point, it is unclear whether
this action is

28  actually an *in rem* or *quasi in rem* proceeding since the laws listed in the Complaint do not
necessarily raise a claim affecting the title to real property. Moreover, Plaintiff seeks only monetary
damages as relief, not title to the property at issue in the state court action.

4

CASE NO. 5:12-cv-00871 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1   equally unsupportable.  See Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989)

2   ("[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim

3   predicated on the same allegations.").  Plaintiff must resolve these issues in any amended pleading.

4        Plaintiff also mentions 18 U.S.C. §§ 241 and 242.  Claims under these sections fare no better.

5   "These criminal provisions . . . provide no basis for civil liability."  Aldabe v. Aldabe, 616 F.2d

6   1089, 1092 (9th Cir. 1980).  Accordingly, any claims under §§ 241 and 242 cannot be maintained in

7   this action as a matter of law, and should be excluded from any amended complaint.

8                   **IV.   ORDER**

9        Based on the foregoing, Defendants' Motions to Dismiss (Docket Item Nos. 5, 6, 7) are

10  GRANTED.  Plaintiffs' Complaint is DISMISSED WITH LEAVE TO AMEND. Any amended

11  complaint must be filed no later than September 20, 2012.  Plaintiff is advised that he may not add

12  new claims or parties without first obtaining Defendants' consent or leave of court pursuant to

13  Federal Rule of Civil Procedure 15.  Plaintiff is further advised that failure to file a timely amended

14  complaint or failure to amend the complaint in a manner consistent with this Order may result in

15  dismissal of this action.

16       The hearing and Case Management Conference scheduled for August 24, 2012, are

17  VACATED.  Considering the Complaint is presently dismissed, the court declines to set a case

18  schedule at this time but will address scheduling issues as necessary.  Docket Item No. 28, which

19  purports to be a notice of reassignment, is TERMINATED.

20  **IT IS SO ORDERED.**

21

22  Dated:  August 20, 2012

23                                    EDWARD J. DAVILA
                                  United States District Judge

24

25

26

27

28

**United States District Court**
For the Northern District of California

5