**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD, | CASE NO. 5:12-cv-00871 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| v. | |
| AURORA BANK FSB, et. al., | [Docket Item No(s). 43] |
| Defendant(s). | |

## I. INTRODUCTION

On August 20, 2012, the court granted Defendants' motions to dismiss Plaintiff Fareed Sepehry-Fard's ("Plaintiff") Complaint, but allowed Plaintiff leave to amend. See Docket Item No. 39. The court advised Plaintiff "that he may not add new claims or parties without first obtaining Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15." See id. Presently before the court is Plaintiff's motion for leave to file an amended complaint which appears to add seven new causes of action. See Docket Item No. 43. For the reasons stated below, Plaintiff's motion will be denied.

## II. DISCUSSION

Ordinarily, leave to amend is granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an

1
CASE NO. 5:12-cv-00871 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

Not all of the Rule 15 considerations are created equal; "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, other than requesting leave to file the SAC, Plaintiff did not provide much meaningful argument pertaining to amendment under Rule 15, other than to indicate that the amended complaint would clarify the dispute between the parties and not create prejudice for defendants. But based on what is contained in the proposed amended complaint, the court finds that allowing Plaintiff to file the it at this point in the action implicates at least three of the four reasons upon which a request for leave to amend can be denied.

Allowing Plaintiff leave to file the amended complaint would cause undue prejudice to defendants as well as undue delay for very obvious reasons. As the court saw it and explained in its order of defendants' motions to dismiss, the original complaint contained four causes of action: (1) violation of 42 U.S.C. § 1983, (2) violation of 42 U.S.C. § 1985, (3) violation of 18 U.S.C. § 241, and (4) violation of 18 U.S.C. § 242. The court noted that the two latter causes of action could not be maintained in this action; thus, Plaintiff was given leave to amend the two former causes of action and provide additional factual information to support those two claims. But Plaintiff now seeks to transform what was previously a civil rights lawsuit into something completely different by adding seven new causes of action, each of which present an entirely new theory of liability in response to a pending foreclosure proceeding. Defendants will be forced to now respond to a different lawsuit than they had responded to previously, and undue delay will arise while the pleadings of this new and seemingly more complex lawsuit are settled.

It also appears that Plaintiff's proposed amendments are futile. The new causes of action proposed in the amended complaint are based on the theory that the securitization of Plaintiff's mortgage loan renders it unenforceable. That theory has been consistently rejected by district

courts. See, e.g., Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("[T]he argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts."); Hague v. Wells Fargo Bank, N.A., No. 3:11-cv-02366-THE, 2011 U.S. Dist. LEXIS 140122, at *16, 2011 WL 6055759 (N.D. Cal. Dec. 6, 2011) ("To the extent that Plaintiffs' claims rely on the securitization of the loan . . . into a mortgage-backed security, there is no merit to the contention that securitization renders the lender's loan in the property invalid."); Wadhwa v. Aurora Loan Servs., LLC, No. S-11-1784 KJM KJN, 2011 U.S. Dist. LEXIS 73949, at *9-10, 2011 WL 2681483 (E.D. Cal. July 8, 2011), Kimball v. BAC Home Loans Servicing, LP, No. 10-CV-05670 LHK, 2011 U.S. Dist. LEXIS 17751, at *4, 2011 WL 577418 (N.D. Cal. Feb. 9, 2011); Marty v. Wells Fargo Bank, No. CIV S-10-0555 GEB DAD PS, 2011 U.S. Dist. LEXIS 29686, at *20-21, 2011 WL 1103405 (E.D. Cal. Mar. 22, 2011) ("[P]laintiff also claims that the 'securitization' of the note was an improper conversion and alteration of the note and deed of trust, undertaken without his consent and rendering the mortgage and Deed of Trust unenforceable against him. This claim is frivolous, has no support in the law and should be dismissed with prejudice.").

Courts have also rejected challenges to MERS' ability to commence foreclosure proceedings. See, e.g., Baisa v. Indymac Fed. Bank, No. CIV-09-1464 WBS JMF, 2009 U.S. Dist. LEXIS 103444, at *8-11 (E.D. Cal. Nov. 6, 2009); see also, e.g., Roybal v. Countrywide Home Loans, Inc., No. 2:10-CV-750-ECR-PAL, 2010 U.S. Dist. LEXIS 131287, at *11, 2010 WL 5136013 (D. Nev. Dec. 9, 2010) ("there is a near consensus among district courts in this circuit that while MERS does not have standing to foreclose as a beneficiary, because it is not one, it does have standing as an agent of the beneficiary where it is the nominee of the lender, who is the true beneficiary"); Morgera v. Countrywide Home Loans, Inc., No. 2:09-cv-01476-MCE-GGH, 2010 U.S. Dist. LEXIS 2037, at *21, 2010 WL 160348 (E.D. Cal. Jan. 11, 2010) ("Courts have consistently found that MERS does in fact have standing to foreclose as the nominee of the lender.") (citations omitted); Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1158, 121 Cal. Rptr. 3d 819 (2011) ("'MERS is the owner and holder of the note as nominee for the lender, and thus MERS can enforce the note on the lender's behalf.'") (quoting Morgera, 2010 U.S. Dist. LEXIS 2037, at *22).

1  Since three of the four factors weigh against the amendments proposed here, Plaintiff's
2  request for leave to file the amended complaint will be denied.

### III. ORDER

Plaintiff's motion for leave to file an amended complaint (Docket Item No. 43) is DENIED.

The court extends the deadline for Plaintiff to file an amended complaint based on the original causes of action to **October 5, 2012**. Plaintiff is again advised that failure to file a timely amended complaint or failure to amend the complaint in a manner consistent with this Order may result in dismissal of this action.

**IT IS SO ORDERED.**

Dated: September 25, 2012



EDWARD J. DAVILA
United States District Judge

CASE NO. 5:12-cv-00871 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT