IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD,<br><br>　　　　　　Plaintiff(s),<br>　v.<br>AURORA BANK FSB, et. al.,<br><br>　　　　　　Defendant(s).<br>　　　　　　　　　　　　　　／ | CASE NO. 5:12-cv-00871 EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE**<br><br>[Docket Item No(s). 54, 55] |

In this action related to the disposition of real property, Defendants Aurora Bank FSB, Greenpoint Mortgage Funding ("Greenpoint"), Bank of America, N.A., U.S. Bank National Association, Frank H. Kim and Severson & Werson, APC (collectively, "Defendants") move for an order dismissing Plaintiff Fareed Sepehry-Fard's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). See Docket Item No. 55. Alternatively, Defendants move for an order striking certain portions of the FAC. See Docket Item No. 54. Plaintiff filed written opposition to both motions. See Docket Item Nos. 57, 58.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. The court has carefully reviewed the relevant pleadings for these matters. For reasons that will be explained, the court has determined that Defendants' Motion to Dismiss should be granted, rendering the Motion to Strike moot.

**I.　FACTUAL AND PROCEDURAL BACKGROUND**

While the FAC is extensive, the court recounts only those facts it finds relevant to resolving

1
CASE NO. 5:12-cv-00871 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE

the instant motions. By interspousal transfer deed recorded on August 19, 2003, Plaintiff acquired sole interest in the real property subject this action, which is located in Saratoga, California. See Defs.' Request for Judicial Notice ("RJN"), Docket Item No. 56, at Ex. A.[1] Thereafter, Plaintiff refinanced the property with two mortgage loans. As evidenced by the Deeds of Trust recorded on January 19, 2007, the first loan from Greenpoint was for $1,300,000.00. Id. at Ex. B. The second loan, also from Greenpoint, was for $300,000.00. An agreement to modify the larger of the two loans was recorded on May 26, 2011. Id. at Ex. C.

Although a Notice of Default has not been presented here, it appears undisputed that Plaintiff defaulted on the larger loan at some point prior to the initiation of this case.

On February 22, 2012, Plaintiff filed the original Complaint underlying this case. See Docket Item No. 1. Defendants filed a motion to dismiss the Complaint which the court granted on August 20, 2012. See Docket Item No. 39. Plaintiff then moved for leave to file an amended complaint adding new causes of action. See Docket Item No. 43. The court denied that motion on September 25, 2012. See Docket Item No. 49. Plaintiff filed the FAC on October 1, 2012. See Docket Item No. 50. These motions followed.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The factual allegations "must be enough to raise a right to relief above the speculative level"

---

[1] Save for Exhibit G, which the court finds is not the proper subject of judicial notice, Defendant's RJN is GRANTED. Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III. DISCUSSION

The FAC contains three causes of action. The first cause of action for "determination of court's jurisdiction" was added in contravention of two prior orders and, in any event, fails as plead. The second and third causes of action, although asserted in the original Complaint, still do not state a claim as a matter of law. These issues are discussed below.

#### A. First Cause of Action: Determination of Jurisdiction

In the Order granting Defendants' first Motion to Dismiss, the court allowed Plaintiff leave to amend but "advised that he may not add new claims or parties without first obtaining Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15." See Docket Item No. 39. The court then reiterated this instruction in the subsequent Order denying Plaintiff's motion for leave to file an amended complaint adding new causes of action: "Plaintiff is again advised that failure to file a timely amended complaint or failure to amend the complaint in a manner consistent with this Order may result in dismissal of this action." See Docket Item No. 49.

Plaintiff added this new cause of action despite these two prior orders, and despite the fact that Federal Rule of Civil Procedure 15 prohibited Plaintiff from adding new causes of action on his own volition. Under Rule 15(a)(1), a party "may amend its pleading once as a matter of course"

3

CASE NO. 5:12-cv-00871 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE

within 21 days after that pleading is served, or 21 days after service of a responsive pleading or motion under Rule 12. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, as already noted, the court specifically advised Plaintiff that he could not assert additional causes of action in a an amended complaint without complying with Rule 15.

Here, Defendants filed their first motions to dismiss on March 19, 2012, and Plaintiff's ability to amend as a matter of course expired 21 days later pursuant to Rule 15(a)(1)(B). The motion for leave to amend in order to add new causes of action was thereafter denied. Under these circumstances, amending the complaint to add a new cause of action in October, 2012, without the stipulation of defendants or requisite leave of court was in contravention of Rule 15. The "determination of jurisdiction" cause of action must be dismissed on that ground alone.

This determination notwithstanding, the court nonetheless proceeds to the substance because this cause of action would be subject to dismissal even if Plaintiff had taken appropriate steps to add it to the FAC.

First, it is unclear exactly what Plaintiff seeks through this claim. Plaintiff alleges that "Defendants . . . have deprived this honorable court from In Personam jurisdiction, subject matter jurisdiction and jurisdiction in general." He also cites the basic tenet of jurisdictional jurisprudence which provides that subject matter jurisdiction can be challenged at any time. See Fed. R. Civ. Proc. 12(h)(3); see also Snell v. Cleveland, 316 F.3d 822, 826 (9th Cir. 2002). But here, the court's jurisdiction to hear this action or to exercise power over the parties is not in question. Subject matter jurisdiction is established under 28 U.S.C. § 1331 because Plaintiff has asserted causes of action under federal statutes. Personal jurisdiction is established because Defendants have been served with process. See Docket Item Nos. 3, 4.

Second, Plaintiff's allegations do not present a cognizable legal theory. Plaintiff alleges the following:

> This court must order Defendants to show the money trail, GAAP accounting, true double entry account ledger to show that they in fact loaned money to Plaintiff with all the valid title assignments and indorsements [sic] as required under the PSA and prove that the

4
CASE NO. 5:12-cv-00871 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE

>signatures are authenticated and are not forged since Plaintiff specifically rebuts the signature are authenticated . . . .

See FAC, at ¶ 4.

These allegations, along with others that precede it in the FAC, appear to be a version of the "produce the note" theory of liability. But district courts in California have consistently rejected the contention that the foreclosure process is invalid if the trustee does not possess the original promissory note. See, e.g., Gamboa v. Tr. Corps., No. 09-0007 SC, 2009 U.S. Dist. LEXIS 19613, at *9-10, 2009 WL 656285 (N.D. Cal. Mar. 12, 2009); Putkkuri v. ReconTrust Co., No. 08CV1919WQH (AJB), 2009 U.S. Dist. LEXIS 32, at *5-6, 2009 WL 32567 (S.D. Cal. Jan. 5, 2009); Neal v. Juarez, No. 06CV0055 J(JMA), 2007 U.S. Dist. LEXIS 98068, at *25, 2007 WL 2140640 (S.D. Cal. July 23, 2007). As has the California Court of Appeal. See Debrunner v. Deutsche Bank Nat'l Trust Co., 204 Cal. App. 4th 433, 440 (2012) ("We likewise see nothing in the applicable statutes that precludes foreclosure when the foreclosing party does not possess the original promissory note."). This is because California Civil Code § 2924 and its related statutes establish a comprehensive and exclusive set of regulations for the conduct of nonjudicial foreclosures, and do not require the person initiating foreclosure to have physical possession of the promissory note. "Under Civil Code section 2924, no party needs to physically possess the promissory note." Sicairos v. NDEX West, No. 08CV2014-LAB (BLM), 2009 U.S. Dist. LEXIS 11223, at *6-7, 2009 WL 385855 (S.D. Cal. Feb. 13, 2009). Instead, "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the nonjudicial foreclosure process by recording and servicing a notice of default. Cal. Civ. Code § 2924(a)(1).

Plaintiff also suggests a challenge based on the terms of the Pooling and Servicing Agreement ("PSA") that governs the securitized trust holding his mortgage. This theory fails because Plaintiff is not in a position to assert a breach of the PSA. Indeed, Plaintiff is neither a direct party to nor a third-party beneficiary of that agreement. See Murphy v. Allstate Ins. Co., 17 Cal. 3d 937, 944 (1976) ("A third party should not be permitted to enforce covenants made not for his benefit, but rather for others. He is not a contracting party; his right to performance is predicated

5
CASE NO. 5:12-cv-00871 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE

on the contracting parties' intent to benefit him. . . . As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler." (internal citations omitted)). As a result, a cause of action based on purported violations of a PSA is not plausible for lack of standing. See, e.g., Hale v. World Sav. Bank, No. CIV 2:12-cv-1462-GEB-JFM (PS), 2012 U.S. Dist. LEXIS 141917, at *17-18, 2012 WL 4675561 (E.D. Cal. Oct. 1, 2012) ("[T]o the extent plaintiffs base their claims on the theory that defendants allegedly failed to comply with the terms of the PSA, the court notes that they lack standing to do so because they are neither a party to, nor a third party beneficiary of, that agreement."); Junger v. Bank of America, No. CV 11-10419 CAS (VBKx), 2012 U.S. Dist. LEXIS 23917, at *7, 2012 WL 603262 (C.D. Cal. Feb. 24, 2012) ("The Court finds that plaintiff lacks standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA."); Tilley v. Ampro Mortg., No. S-11-1134 KJM CKD, 2012 U.S. Dist. LEXIS 1935, at *11, 2012 WL 33033 (E.D. Cal. Jan. 6, 2012); Bascos v. Fed. Home Loan Mortg. Corp., No. CV 11-3968-JFW (JCx), 2011 U.S. Dist. LEXIS 86248, at *18-19, 2011 WL 3157063 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust."); Deerinck v. Heritage Plaza Mortg. Inc., No. 2:11-cv-01735-MCE-EFB, 2012 U.S. Dist. LEXIS 45728, at *14-16, 2012 WL 1085520 (E.D. Cal. Mar. 30, 2012); Bernardi v. JPMorgan Chase Bank, N.A., No. 5:11-cv-04212 EJD, 2012 U.S. Dist. LEXIS 85666, at *5-8, 2012 WL 2343679 (N.D. Cal. June 20, 2012); Armstrong v. Chevy Chase Bank, FSB, No. 5:11-cv-05664 EJD, 2012 U.S. Dist. LEXIS 144125, at *4-7, 2012 WL 4747165 (N.D. Cal. Oct. 3, 2012); Morgan v. US Bank Nat'l Ass'n, No. C 12-03827 CRB, 2012 U.S. Dist. LEXIS 174010, at *6-7, 2012 WL 6096590 (N.D. Cal. Dec. 7, 2012).

Similarly, district courts have rejected a general theory based on securitization for failure to state a claim. See, e.g., Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("[T]he argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts."); Hague v. Wells Fargo Bank, N.A., No.

3:11-cv-02366-THE, 2011 U.S. Dist. LEXIS 140122, at *16, 2011 WL 6055759 (N.D. Cal. Dec. 6, 2011) ("To the extent that Plaintiffs' claims rely on the securitization of the loan . . . into a mortgage-backed security, there is no merit to the contention that securitization renders the lender's loan in the property invalid."); Wadhwa v. Aurora Loan Servs., LLC, No. S-11-1784 KJM KJN, 2011 U.S. Dist. LEXIS 73949, at *9-10, 2011 WL 2681483 (E.D. Cal. July 8, 2011), Kimball v. BAC Home Loans Servicing, LP, No. 10-CV-05670 LHK, 2011 U.S. Dist. LEXIS 17751, at *4, 2011 WL 577418 (N.D. Cal. Feb. 9, 2011); Marty v. Wells Fargo Bank, No. CIV S-10-0555 GEB DAD PS, 2011 U.S. Dist. LEXIS 29686, at *20-21, 2011 WL 1103405 (E.D. Cal. Mar. 22, 2011) ("[P]laintiff also claims that the 'securitization' of the note was an improper conversion and alteration of the note and deed of trust, undertaken without his consent and rendering the mortgage and Deed of Trust unenforceable against him. This claim is frivolous, has no support in the law and should be dismissed with prejudice.").

Moreover, courts have rejected claims questioning the ability of Mortgage Electronic Registration Systems, Inc. ("MERS") to commence foreclosure proceedings. See, e.g., Baisa v. Indymac Fed. Bank, No. CIV-09-1464 WBS JMF, 2009 U.S. Dist. LEXIS 103444, at *8-11 (E.D. Cal. Nov. 6, 2009); see also, e.g., Roybal v. Countrywide Home Loans, Inc., No. 2:10-CV-750-ECR-PAL, 2010 U.S. Dist. LEXIS 131287, at *11, 2010 WL 5136013 (D. Nev. Dec. 9, 2010) ("there is a near consensus among district courts in this circuit that while MERS does not have standing to foreclose as a beneficiary, because it is not one, it does have standing as an agent of the beneficiary where it is the nominee of the lender, who is the true beneficiary"); Morgera v. Countrywide Home Loans, Inc., No. 2:09-cv-01476-MCE-GGH, 2010 U.S. Dist. LEXIS 2037, at *21, 2010 WL 160348 (E.D. Cal. Jan. 11, 2010) ("Courts have consistently found that MERS does in fact have standing to foreclose as the nominee of the lender.") (citations omitted); Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1158, 121 Cal. Rptr. 3d 819 (2011) ("'MERS is the owner and holder of the note as nominee for the lender, and thus MERS can enforce

the note on the lender's behalf.'") (quoting Morgera, 2010 U.S. Dist. LEXIS 2037, at *22).[2]

Because Plaintiff added the "determination of jurisdiction" cause of action to the FAC without obtaining the consent of Defendants or leave of court, and because it does not present a cognizable legal theory, it will be dismissed. This dismissal will be without leave to amend due to the violation of Rule 15 as well as the fact that allowing for amendment under these circumstances would be futile. See Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988).

**B.      Second and Third Causes of Action: Violation of 42 U.S.C. §§ 1983 and 1985**

Unlike their predecessor, the court allowed Plaintiff leave to amend these causes of action because they appeared in the original version of the Complaint. In doing so, the court advised Plaintiff that "[a]ctions filed under § 1983 require state action." Merritt v. Mackey, 932 F.2d 1317, 1323 (9th Cir. 1990). Since the original Complaint only named defendants that were private entities or individuals, it was necessary for Plaintiff to clarify in the FAC how the defendants, or any of them, were acting in concert with or on behalf of a state. For the cause of action under § 1985, the court determined that its viability relied on a plausible claim under § 1983. Since Plaintiff had not plead one, the § 1985 cause of action was equally deficient. See Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) ("[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations.").

Having reviewed the FAC in its entirety, the court has determined that it suffers from the same central infirmity as its predecessor. Specifically, factual allegations supporting state action on the part of any of the named defendants are still absent from the FAC. Without these necessary facts, Plaintiff has again failed to state a civil rights claim as a matter of law. See Morse v. N. Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997) (affirming district court's dismissal of § 1983 claim under Rule 12(b)(6) for failing to allege state action). Accordingly, the causes of action under §§ 1983 and 1985 will be dismissed, this time without leave to amend, because allowing for a

---

[2] Like many others, Plaintiff's Deed of Trust states that MERS is the "nominee for Lender and Lender's successors and assigns" as well as the beneficiary. See RJN, at Ex. B. It also states: "The Note or a partial interest in the Note (together with this Security Instrument) can be sold on or more times without prior notice to Borrower." Id.

8
CASE NO. 5:12-cv-00871 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE

1  third amendment would be futile.  See Miller, 845 F.2d at 214.

### IV.  ORDER

Based on the foregoing, Defendants' Motion to Dismiss (Docket Item No. 55) is GRANTED. The causes of action contained in the FAC are DISMISSED WITHOUT LEAVE TO AMEND.  The companion Motion to Strike (Docket Item No. 54) is DENIED AS MOOT.

Since this result constitutes a final resolution of the case, judgment will be entered in favor of Defendants.  The clerk shall close this file.

**IT IS SO ORDERED.**

Dated:  January 29, 2013

EDWARD J. DAVILA
United States District Judge