1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT
8              FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                            SAN JOSE DIVISION
10  FAREED SEPEHRY-FARD,                    CASE NO. 5:12-cv-00871 EJD

11                                          **ORDER DENYING PLAINTIFF'S
                                            MOTION FOR NEW TRIAL; DENYING
12          v.        Plaintiff(s),         PLAINTIFF'S MOTION TO ALTER OR
                                            AMEND THE JUDGMENT**
13  AURORA BANK FSB, et. al.,

14                                          [Docket Item No(s). 66, 70]
                     Defendant(s).
15  _____/

16                        **I.    INTRODUCTION**

17        After Plaintiff Fareed Sepehry-Fard ("Plaintiff") filed a First Amended Complaint ("FAC")

18  on October 1, 2012 (see Docket Item No. 50), this court granted a second Motion to Dismiss filed by

19  Defendants Aurora Bank, FSB, Greenpoint Mortgage Funding, Bank of America, N.A., U.S. Bank

20  National Association, Frank H. Kim and Severson & Werson, APC (collectively, "Defendants").

21  See Docket Item No. 64.  As to the first cause of action asserted by Plaintiff, entitled "Determination

22  of Jurisdiction," the court found it subject to dismissal because it was included in the FAC in

23  violation of Federal Rule of Civil Procedure 15 and, in any event, was not based on a cognizable

24  legal theory.  Id.  The court dismissed the remaining two causes of action under 42 U.S.C. §§ 1983

25  and 1985 because Plaintiff had not plead the state action necessary to support a civil rights claim.

26  Id.  Judgment was entered in favor of Defendants based on the finding that allowing for further

27  amendment would be futile.

28

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

Presently before the court are two matters filed by Plaintiff: (1) a Motion for New Trial and (2) a Motion to Alter or Amend the Judgment.  <u>See</u> Docket Item Nos. 66, 70.  Defendants have filed written oppositions to both motions.[1]  <u>See</u> Docket Item Nos. 74, 75.  Having carefully reviewed these matters, the court finds them suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the hearing scheduled for May 24, 2013, will be vacated and the motions denied for the reasons explained below.[2]

## II.   LEGAL STANDARD

At the outset, the court must define the scope of review.  Plaintiff has filed two motions, one for new trial under Federal Rule of Civil Procedure 59(a) and one to alter or amend the judgment under Rule 59(e).  Only that latter can be applied under the circumstances presented here since, as detailed above, this case did not proceed to a trial for which a new trial could be granted.  <u>See</u> <u>Cont'l Cas. Co. v. Robsac Indus.</u>, 947 F.2d 1367, 1369 n. 1 (9th Cir. 1991).  For this reason, the court finds it more appropriate to consider Plaintiff's motions together - as one motion to vacate or reverse the judgment under Rule 59(e) rather than Rule 59(a).[3]  <u>See</u> <u>Hamid v. Price Waterhouse</u>, 51 F.3d 1411,

---

[1] Plaintiff filed documents on May 16, 2013, suggesting that his motions were unopposed because he did not receive responses from Defendants.  <u>See</u> Docket Item Nos. 81, 83.  This claim is inconsistent with the proofs of service attached to Defendants' written responses, which indicate that both documents were served on Plaintiff by mail on February 13, 2013, at his address in Saratoga, California.  The proofs of service creates a rebuttable presumption that Plaintiff received the documents.  <u>Dill v. Berquist Constr. Co.</u>, 24 Cal. App. 4th 1426, 1441 (1994).  This presumption has not been overcome by Plaintiff.  <u>In re Bucknum</u>, 951 F.2d 204, 207 (9th Cir. 1991) ("The presumption can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished.").

In any event, it is clear that Plaintiff has somehow reviewed Defendants' responses and provided substantive discussion with reference to them in his recent filings.  The court will therefore construe these documents as reply briefs.  Accordingly, there is no prejudice to Plaintiff even if he did not receive Defendants' responses in the mail.

[2] To the extent Plaintiff seeks the undersigned's recusal through these motions, the request is DENIED.  <u>New York City Housing Develop. Corp. v. Hart</u>, 796 F.2d 976, 980 (7th Cir. 1986) ("Federal judges are obligated not to recuse themselves where there is no reason to question their impartiality.").

[3] "[T]he moving party's label for its motion is not controlling."  <u>United States v. 1982 Sanger 24' Spectra Boat</u>, 738 F.2d 1043, 1046 (9th Cir. 1984).  "Rather, the court will construe it, however styled, to be the type proper for the relief requested."  <u>Id.</u>  Such a construction is particularly appropriate for cases involving a pro se litigant like this one because Plaintiff's pleadings must be liberally construed.  <u>See</u> <u>Abassi v. INS</u>, 305 F.3d 1028, 1032 (9th Cir. 2002).

Case No. 5:12-cv-00871 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL; DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

1   1415 (9th Cir. 1995) ("[O]ur precedents require that we treat a motion to vacate an order of

2   dismissal as a Rule 59(e) motion.").

3          "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted:

4   (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment

5   rests; (2) if such motion is necessary to present newly discovered or previously unavailable

6   evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is

7   justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101,

8   1111 (9th Cir. 2011).

9          Relief under Rule 59(e) is "extraordinary" and "should be used sparingly." McDowell v.

10  Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).

## III.    DISCUSSION

### A.     Errors of Law or Fact

13         Putting aside the portions of the motions unsuited to the relief sought, Plaintiff argues the

14  court made certain and factual and legal errors when ruling on the Defendants' Motion to Dismiss.

15  He first contends the court mistakenly determined that a mortgage loan existed for which he was

16  responsible.  He next contends the court erred in assuming jurisdiction over this action.  Plaintiff

17  also argues that the court improperly dismissed his civil rights claims.  None of these arguments

18  justify relief under Rule 59(e).

19         As to the existence of a mortgage loan, the court did not err.  Defendants submitted with the

20  Motion to Dismiss a Request for Judicial Notice which included two Deeds of Trust, both of which

21  reference loans to Plaintiff and both of which were signed by Plaintiff.  See Docket Item No. 56.

22  "[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record'" when

23  ruling on a motion to dismiss.  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citing

24  Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986)).  It is those documents that

25  provided a basis for the court's comments.

26         But error or not, the existence of a mortgage loan, whether or not Plaintiff contested his

27  default, as well as Plaintiff's argument concerning Mortgage Electronic Registration Systems, Inc.

28

Case No. 5:12-cv-00871 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL; DENYING PLAINTIFF'S MOTION TO ALTER OR
AMEND THE JUDGMENT

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    ("MERS") were of no moment to the ultimate ruling on the Motion to Dismiss.  One cause of action

2    was dismissed for failure to comply with Federal Rule of Civil Procedure 15; the other two were

3    dismissed because Plaintiff did not plead facts describing state involvement in the alleged civil

4    rights violations.  The underlying dispute over real property was described solely to provide a

5    context for this litigation and the discussion of MERS was included as an alternative basis for

6    dismissal if the first cause of action were to be considered on its substance.

7         The claim of jurisdictional error is equally unconvincing.  Indeed, to the extent Plaintiff

8    contends it was Defendants' obligation to support either subject matter or personal jurisdiction, such

9    a contention is misplaced.  This case was commenced by Plaintiff in federal court.  As such, it was

10   *Plaintiff's* obligation to demonstrate a basis for subject matter jurisdiction.  Thompson v. McCombe,

11   99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of

12   proving the actual existence of subject matter jurisdiction.").  The court found this obligation

13   satisfied.  See Docket Item No. 64 ("Subject matter jurisdiction is established under 28 U.S.C. §

14   1331 because Plaintiff has asserted causes of action under federal statutes.").  Personal jurisdiction

15   over Defendants was uncontested and therefore not at issue.  See Am. Ass'n of Naturopathic

16   Physicians v. Hayhurst, 227 F.3d 1104, 1106-1107 (9th Cir. 2000).

17        With regard to the civil rights claims, Plaintiff does not cite any portion of the FAC wherein

18   state action is alleged.  An invocation of nonjudicial foreclosure procedures by Defendants is not

19   enough.  See Apao v. Bank of New York, 324 F.3d 1091, 1093 (9th Cir. 2003).

20        Because Plaintiff has not demonstrated a factual or legal error, the judgment will not be

21   altered or amended on that ground.

22        **B.      Intervening Change in Controlling Law**

23        Plaintiff further argues that certain changes to California law made pursuant to the

24   Homeowner Bill of Rights ("HBOR") compel some alteration to the judgment.  This argument is

25   unpersuasive for two reasons.

26        First, as already noted, Plaintiff asserted causes of action under federal civil rights statutes,

27   not under California's statutes governing nonjudicial foreclosures.  That being the case, it is not

28

4

1  apparent how the HBOR could have been applied to this case.  It is therefore not "controlling" law

2  for the purposes of Rule 59(e).

3      Second, the HBOR did not take effect until January 1, 2013, and "there is no indication that

4  the law is intended to be, or will be, applied retroactively."  <u>McGough v. Wells Fargo Bank, N.A.</u>,

5  Case No. C12-0050 THE, 2012 U.S. Dist. LEXIS 151737, at *16 n.1, 2012 WL 5199411 (N.D. Cal.

6  Oct. 22, 2012).  Thus, for this additional reason, the HBOR's application to the causes of action

7  asserted here is unclear.  Plaintiff does not explain otherwise.

8      Since Plaintiff has not shown that the HBOR is controlling for the purposes of Rule 59(e),

9  the motion will be denied as to this ground as well.

10                    **IV.   ORDER**

11     Based on the foregoing, Plaintiff's Motion for New Trial (Docket Item No. 66) and the

12  Motion to Alter or Amend the Judgment (Docket Item No. 70) are DENIED.

13     The hearing scheduled for May 24, 2013, is VACATED.

14  **IT IS SO ORDERED.**

15

16  Dated:  May 21, 2013                    

17                              EDWARD J. DAVILA
                               United States District Judge

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:12-cv-00871 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL; DENYING PLAINTIFF'S MOTION TO ALTER OR
AMEND THE JUDGMENT

**United States District Court**
For the Northern District of California